# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE

## IN AND FOR KENT COUNTY

ALEXANDROS TSIPOURAS,

    Plaintiff,

v.

CHECK & GO,

    Defendant.

C.A. No. CPU5-13-001080

Date submitted: February 14, 2014
Date decided: April 1, 2014

## *DECISION AFTER TRIAL*

## JUDGMENT FOR DEFENDANT

Mr. Alexandros Tsipouras, 595 Graves End Road, Smyrna, DE 19977, pro se Plaintiff Below-Appellant.

Kara M. Swasey, Esquire, Bayard, 222 Delaware Avenue, Suite 900, P.O. Box 25130, Wilmington, DE, 19899 Attorney for Defendant Below- Appellee.

**Reigle, J.**

## *Procedure*

This matter was originally filed on June 4, 2012 by Alexandros Tsipouras ("Mr. Tsipouras") as a Plaintiff representing himself in the Justice of the Peace Court. The Defendant was identified as "Check & Go."[1] Mr. Tsipouras filed a hand-written allegation in his complaint on the Justice of the Peace Court form. It stated: "Title loan issues (Don't get all Money) was there to pay on time didn't except (sic) cash wants check call police could not get report following month have a check They don't except (sic) check they want cash owner call police borrowed (sic) from store not to go by police."[2] The amount claimed was $1000.00. Check & Go denied the allegations and the matter was scheduled for trial on August 30, 2012. Mr. Tsipouras failed to appear for trial and the judge dismissed his case. On September 7, 2012, Mr. Tsipouras filed a motion to vacate the dismissal citing confusion over the date as the reason for not being present for trial. The Motion was denied. On October 11, 2012, Mr. Tsipouras appealed that decision to this Court. After several procedural steps, on August 1, 2013, this Court reversed the denial of the motion to vacate and remanded the case to the Justice of the Peace Court for another trial date. On September 20, 2013, a trial was held in the Justice of the Peace Court. Mr. Tsipouras' case was dismissed during the trial, for failure to prosecute, due to his conduct in the courtroom. He appealed to this Court and a new trial was scheduled.[3] It was held on January 29, 2014 in the Court of Common Pleas.

---

[1] The business is actually entitled "Check 'n Go."

[2] Complaint, Justice of the Peace Court.

[3] Mr. Tsipouras appealed from a final judgment of the Justice of the Peace Court dismissing his case. "[A]s a general rule, a dismissal with prejudice has the effect of a final adjudication on the merits." *Jackson v. Pikulik*, 2007 WL 5006531, at *2 (Del. Com. Pl. Dec. 18, 2007). Mr. Tsipouras appealed directly from the lower court's final judgment to this Court. The standard of review on appeal is by *trial de novo*.

## *Trial*

At the trial, Mr. Tsipouras represented himself and testified on his own behalf. He also called two police officers as witnesses.[4] It was obvious that Mr. Tsipouras was very frustrated and believed that he was wronged by Check & Go. He was argumentative and loud at times, but he did follow the Court's instructions and answered all of the Court's questions. Kara M. Swasey, Esquire represented Check & Go. She called two witnesses on behalf of her client. She was extremely patient with Mr. Tsipouras and with this Court's efforts to determine if Mr. Tsipouras had a claim against Check & Go. In addition, upon the Court's request for possible legal arguments and precedent, Ms. Swasey filed a letter with the Court which answered the Court's questions fully. The Court was satisfied that all issues were fully vetted. Ultimately, despite considerable effort to uncover any potential or possible claim during trial or during a review of the law after the trial, the Court finds that Mr. Tsipouras was unable to prove any case or claim against Check & Go for $1000.00 or any other amount by a preponderance of the evidence and therefore the Court finds in favor of the Defendant. This is the Court's Final Decision and Order.

## *Facts*

Based upon the testimony and evidence admitted at trial, the Court finds the following relevant facts to exist. Mr. Tsipouras was a customer of Check & Go and had received several loans from it when, on December 27, 2011, he entered into his first "title loan" agreement. The agreement with Check & Go attached Mr. Tsipouras' 1996 Mercury Sable as collateral in exchange for a loan in the principal amount of $585.[5] Mr. Tsipouras retained in possession of

---

[4] In an effort to fully litigate this matter and give Mr. Tsipouras every effort to make his case, both police officers were contacted by the Court to remind them of their summons.

[5] Defendant's Exhibit B was introduced by Miriam Horne, a district manager for Check & Go.

3

the vehicle, but gave Check & Go the title to the vehicle with the expectation that Check & Go would return the title to him when the loan was paid in full.

Mr. Tsipouras made the requisite installment payments on the title loan as they became due, beginning on February 3, 2012. He made payments in April and March without incident. When Mr. Tsipouras arrived at the Check & Go store to pay his installment on May 4, 2012, he tried to make his payment with a check, but was informed by the teller that she could not accept a check as payment on a title loan. At some point during the ensuing conversation with the teller, Mr. Tsipouras argued with another customer in line. When the argument escalated, the police were called. Sergeant Eastridge[6] of the Smyrna Police Department responded to Check & Go. When he completed his investigation, Sergeant Eastridge informed Mr. Tsipouras that he was not permitted to go back inside Check & Go. Sergeant Eastridge further suggested to Mr. Tsipouras that if he had an issue with Check & Go, he should go to the Justice of the Peace Court and file a civil lawsuit.

Mr. Tsipouras subsequently received telephone calls and letters from Check & Go to request the installment payment on the loan. Mr. Tsipouras understood that the agreement explicitly stated that repayment of the loan could only be made by cash or electronic funds transfers. Mr. Tsipouras recently changed banks and his bank information on the security agreement was incorrect. He believed that because he was not permitted to enter the store, he either could not provide Check & Go with his new banking information for an electronic funds transfer or was not obligated to provide it.

Check & Go's collection department sent a notice of default to Mr. Tsipouras on May 29, 2012, requesting immediate payment.[7] A payment could have been made on Mr. Tsipouras' loan

---

[6] This witness testified by telephone without objection.
[7] Defendant's Exhibit A.

4

in another Delaware Check & Go location or via mail. Check & Go would have accepted a money order or cashier's check in addition to cash. Mr. Tsipouras told Check & Got during a telephone call that he had filed a lawsuit with the Justice of the Peace Court and would pay whatever the judge ordered him to pay. Mr. Tsipouras stubbornly did not make or attempt to make a payment on the loan after the incident in the store on May 4, 2012. Mr. Tsipouras was aware that if he did not make a payment, the agreement authorized Check & Go to take possession of his vehicle.

On December 23, 2012, while Mr. Tsipouras' appeal was pending before this Court, Check & Go took Mr. Tsipouras' vehicle. Mr. Tsipouras strongly contested the taking of his motor vehicle and called the police. The police officer[8] refused to intervene for Mr. Tsipouras and halt the taking of possession of the motor vehicle.[9]

### *Arguments*

Mr. Tsipouras asked the Court to award him $1,000 against Check & Go for the inconvenience and costs incurred by him in trying to pay back his loan. He also requested that the Court award him the purchase price of his vehicle pursuant to Check & Go's wrongful taking of possession of his motor vehicle. Counsel for the defense argued that Check & Go never prohibited Mr. Tsipouras from returning to the Smyrna location and that in the event Mr. Tsipouras thought he could not return there, the loan could have been paid by other means. Check & Go argued it had a right to take Mr. Tsipouras' vehicle pursuant to the signed agreement when Mr. Tsipouras defaulted on his loan by failing to make a payment on or after May 4, 2012.

---

[8] A police officer did not testify to these facts. Mr. Tsipouras was unable to identify the officer for purposes of subpoenaing him to trial. This information was provided by Mr. Tsipouras.
[9] Whether there was an improper possession of the vehicle claim due to a breach of peace was addressed by counsel and the Court was satisfied that there was no merit to it.

### *Issue Pending Before the Court*

Although Check & Go has defended itself in this action filed by Mr. Tsipouras, it did not take any action against Mr. Tsipouras. Generally, when issues of repossession come before the Court, there is a claim for a deficiency between the amount of the loan due and the amount recovered by the creditor when it sold the collateral. If such was the case here, it was never pursued by Check & Go. Although initially telephone calls and letters were made to Mr. Tsipouras regarding his missed payments, the subsequent taking possession of Mr. Tsipouras' motor vehicle either satisfied the debt or was forgiven by Check & Go. This makes this case somewhat backwards and it has been difficult to determine how to characterize Mr. Tsipouras' claim in a way that the Court could determine if relief could be granted. He cannot sue for "wrongful taking of possession" because his motor vehicle had not been taken at the time he filed his original complaint in the Justice of the Peace Court and he did not file a claim for replevin. Rather, Mr. Tsipouras' claim is essentially for $1,000.00 for Check & Go refusing to accept an installment payment by check at one of its locations. This could be characterized as a breach of contract against Check & Go. Therefore, the issue pending before the Court is whether Mr. Tsipouras has proven by a preponderance of the evidence that Check & Go breached the terms of the agreement by refusing to accept his payment by check on May 4, 2012 and therefore entitled to $1,000.00 for that breach.[10]

---

[10] The Court was concerned about Check & Go's continuation with its collection of Mr. Tsipouras' debt after his complaint was filed in the Justice of the Peace Court. The Court determined that the Defendant did not breach a stay of action. Court of Common Pleas and Justice of the Peace Court Civil Rules 62 govern stays of action. Automatic stays during pending litigation are limited in scope and time. Stays on appeal require a motion and surety. None of the requirements for a stay under this the court rules are applicable in this case.

## *Law*

To establish a breach of contract, the plaintiff must prove (1) a contract existed between the parties, (2) the defendant breached a term of that contract, and (3) the plaintiff suffered damages as a result of the defendant's breach.[11] A plaintiff has the burden of proving a claim for breach of contract by preponderance of the evidence.[12]

## *Analysis*

Mr. Tsipouras failed to meet his burden of establishing the elements of a breach of contract. First, Mr. Tsipouras failed to show that Check & Go breached the terms of the agreement by refusing to accept his payment by check on May 4, 2012. The evidence presented at trial clearly showed that the parties voluntarily entered into and signed a valid contract for a title loan secured by Mr. Tsipouras' vehicle. The agreement explicitly stated that Mr. Tsipouras would pay each installment on the loan by cash or electronic funds transfer. Check & Go did not breach its contract by refusing to accept a check at its store.

Second, Mr. Tsipouras failed to show that Check & Go breached the terms of the agreement by banning him from its Smyrna store. While Check & Go denies that it banned Mr. Tsipouras from the store, it was reasonable for him to believe that he was banned by Sergeant Eastridge. However, Check & Go did not fail to provide other reasonable alternatives for Mr. Tsipouras to make his payment. It was Mr. Tsipouras who failed to go to another of the several Check & Go locations in Delaware to make a payment or to pay the loan by mail or by a third party. In addition, Mr. Tsipouras caused the initial problem at the store on May 4, 2012, by refusing to accept the teller's instructions. Mr. Tsipouras signed the agreement accepting that he

---

[11] *Wilkinson Constr. v. Brice Builders*, 2005 WL 958131, at *1 (Del. Com. Pl.) citing *VLIW Tech., LLC v. Hewlett-Packard Co. Stmicroelectronics, Inc.*, 840 A.2d 606, 612 (Del. 2003).
[12] *Interim Healthcare, Inc. v. Spherion Corp.*, 884 A.2d 513, 545 (Del. Super. Ct. 2005).

7

would be in default if he failed to make a payment on an installment date. Mr. Tsipouras failed to prove that Check & Go breached the contract.

### *Decision of the Court*

The Court concludes that the Plaintiff has failed to prove his case by a preponderance of the evidence. Judgment is entered for the defendant.

**IT IS SO ORDERED.**

_____
The Honorable Anne Hartnett Reigle